IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMMY SHARP,

    Plaintiff,

v.                                                                             No. 21-cv-0700 WJ-SMV

STATE OF NEW MEXICO,
ALL STATE ELECTED PERSONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Donald "Tommy" Sharp's Civil Complaint (Doc. 1). Also before the Court is his Motion to Proceed *In Forma Pauperis* (Doc. 5). Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will grant the Motion but dismiss the Complaint with prejudice.

## BACKGROUND

Sharp is a federal pretrial detainee. He filed the Complaint, along with over twenty others, to pursue his theory that all elected New Mexico officials are involved in racketeering, treason, and fraud. The instant Complaint alleges that, pursuant to N.M.S.A. 10-2-7, "all state elected officials must have given oath and surety bond to perfect their oath of office." Doc. 1 at 2. Sharp contends he "has a letter from the New Mexico Secretary of State that says the surety bonds do not exist at the Secretary of State[']s office, as the law … require[s]." *Id.* He believes this means that all newly elected state officials "fail[ed] to oust [their predecessor] from office." *Id.* Sharp characterizes the new officials as "fake," "frauds," "gangsters," and "domestic enemies." *Id.* at 2. He alleges they "illegally stole the office;" lack "jurisdiction to perform the dut[ies];" collect unlawful debts; and are "just defacto employees of the state wanting … authority to perform the

duty of office." *Id.* at 2. He also alleges that "by not having the surety bonds," the officials "give aid and comfort to the enemy, which is treason" and "advocate[s] for the overthrow of government." *Id.*

Sharp seeks over $90 billion in damages from the "State of New Mexico (All State Elected Persons." Doc. 1 at 2-3. That includes "over 18,000 elected officials." *Id.* at 3. Sharp alternatively offered to "settle this case for $100 million, provided all state elected officials immediately step down and leave office, and the state immediately hold[s] new elections" and prosecutes the outgoing officials. *Id.* Sharp finally states the "surety bond laws must be strictly enforced," and the "government employees who support the enemy Racketeering Influenced Corrupt Organization should … be fired from their jobs." *Id.* Sharp filed an *in forma pauperis* motion, in which he attests he cannot afford to prepay the filing fee. *See* Doc. 5. He does not attach a six-month account statement but, in the interest of efficiency and because the allegations fail on the merits, the Court will grant the Motion (Doc. 5) and screen the Complaint.

## STANDARD OF REVIEW

The Court has discretion to dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. The Court cannot "supply additional facts, [or] construct a legal theory for [the plaintiff] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

## DISCUSSION

The Complaint alleges that over 18,000 New Mexico officials violated N.M.S.A. 10-2-1, et. seq. (the State Bond Act) and four federal statutes imposing criminal penalties, including 18 U.S.C. § 1031 (major fraud against the US); 18 U.S.C. § 1962 (racketeering); 18 U.S.C. 2381 (treason); and 18 U.S.C. § 2385 (advocating government overthrow). The Complaint does not survive initial review, for numerous reasons. First, the Complaint fails to set out a short and plain statement of the grounds for relief against any discernable Defendant. *See* Fed. R. Civ. P. 8(a) (setting out notice pleading standards); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (a complaint must "explain what each defendant did to [Plaintiff] ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the

plaintiff believes the defendant violated"). Instead, Sharp includes generalized allegations "against every conceivable defendant" in the state. *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). The Complaint is therefore subject to dismissal under Rule 8(a). *See Fletcher v. Raemisch*, 768 Fed. App'x 825, 826 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice ….").

To the extent any claims are discernable, they are frivolous. Sharp believes 18,000 state officials "illegally stole the office" and lack authority because the Secretary of State allegedly does not have their oath and bond information on file. The argument is a continuation of Sharp's sovereign-citizen theories about the government, which generated his criminal charge for Transmitting a Threat to Injure. *See* 21-mj-0478-SCY. The criminal complaint states that after officers visited Sharp about threatening letters, he "referred to the government not having power unless it has proof of a surety bond." *See* CR Doc. 1 in 21-mj-0478-SCY. Sharp also purportedly accused various government officials of treason and posted about killing traitors. *Id.* Sharp's theories "lack[] an arguable basis either in law or in fact," and the Complaint will be dismissed as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (setting forth the standard for dismissing frivolous claims under 28 U.S.C. § 1915(e)).

As a third basis for dismissal, the Court notes the failure to perfect an oath of office does not strip an official of their authority in the State of New Mexico. A tax protestor raised a similar claim in *Stockton v. N.M. Tax'n & Revenue Dep't*, 161 P.3d 905, 910 (N.M. App. 2007). The New

Mexico Court of Appeals held that "even if [the] hearing officer was required to swear an oath of office and/or obtain a bond, we are not convinced that her failure to do so would result in Taxpayers' escaping liability" or invalidate the result. *Id.* *Stockton* relied on the general rule that "[o]ne duly appointed ... to an office but who is in law disqualified to act, such as one who has failed to take the required oath or to execute a bond within the time prescribed, is at least a de facto officer in that his or her acts are valid as to the public." *Id.* (quotations omitted). The Tenth Circuit also rejected a federal claim against state officials "who fail[ed] to file their oaths of office," and clarified such officials "are not stripped of their authority" to act. *Jimenez v. Fourth Jud. Dist. Attorney's Off.*, 663 Fed. App'x 584, 587 (10th Cir. 2016) (relying on Colorado law, which is the same as New Mexico law). *Cf Irons v. Estep,* 291 Fed. App'x 136, 138 (10th Cir. 2008) (rejecting claim for tolling relief based on allegation that state officials failed to "file[] their oaths of office with the … Secretary of State"). Thus, even if a New Mexico official is not in compliance with the State Bond Act, such official does not commit treason, fraud, racketeering, or sedition by continuing to carry out his or her duties. And even if those officials somehow did violate 18 U.S.C. §§ 1031, 1962, 2381, or 2385, as Sharp maintains, he cannot seek relief on that basis. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Sharp fails to state any cognizable claim for damages or injunctive relief based on the failure to perfect the oath of office/bond requirements.

Finally, notwithstanding the above defects, the claims are also barred by sovereign immunity. "The Eleventh Amendment generally precludes federal courts from hearing cases against state officials acting in their official capacities." *Est. of Schultz v. Brown*, 846 Fed. App'x

689, 692 (10th Cir. 2021) (quoting *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019)).[1]  An exception exists in "cases against state officials for prospective relief to remedy ongoing violations of federal law."  *Est. of Schultz v. Brown*, 846 Fed. App'x at 692 (citing *Hill v. Kemp*, 478 F.3d 1236, 1255, 1259 (10th Cir. 2007)).  "[T]he exception does not apply to retrospective relief aimed at remedying past wrongs."  *Id.*  Sharp's claim for damages against "State of New Mexico (All State Elected Persons" is clearly barred.  Sharp also asks the Court to enforce the State Bond Act and fire certain state officials.  *See* Doc. 1 at 3.  Assuming such relief is prospective, it is still barred by sovereign immunity because the Complaint fails to demonstrate an ongoing violation of federal law.  The only cited federal violations pertain to crimes against the United States (18 U.S.C. §§ 1031, 1962, 2381, or 2385), which bear no relationship to the State Bond Act.  Complying with a state surety bond requirement would not remedy sedition, if it were in fact happening.  Sovereign immunity therefore provides a fourth basis for dismissal.

Based on the foregoing, the Court will dismiss Sharp's Complaint as frivolous, for failure state a cognizable claim, and for violation of Rule 8(a).  *Pro se* prisoners are often given an opportunity to remedy defects in their pleadings.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, courts need not *sua sponte* invite an amendment when any amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6).  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  An amendment would be futile here for all the reasons above.  Because Sharp filed over 20 other cases, which contain variations on his same theory, he

---

[1] The substance of the Complaint suggests Sharp is suing "All State Elected Officials" in their official capacities.  *See Houston v. Reich*, 932 F.2d 883, 885 (10th Cir. 1991) (official capacity claims can be discerned based on the substance of the pleading).

also has ample opportunity to explore his claims.[2]  The Court therefore declines to *sua sponte* solicit an amendment and will dismiss the Complaint with prejudice.

**IT IS ORDERED** that the Motion to Proceed *In Forma Pauperis* (**Doc. 5**) is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiff Donald "Tommy" Sharp's Civil Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a); and the Court will enter a separate judgment closing the case.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]  Sharp also filed a Letter stating he did not receive a "civil rights form as cited in the order dated 8-3-2021" or "the blank motion to proceed in forma pauperis," and he needs additional time to respond to that order. *See* Doc. 6 at 1.  The Court did not enter an order in this case on August 3, 2021, and nothing in this record references a civil rights form.  *See* Docket Sheet in 21-cv-700 WJ-CMV.  The Court therefore determines the Letter was misdirected and pertains to another case filed by Sharp.  To the extent Sharp is seeking additional time in this case to recharacterize his claims under 42 U.S.C. § 1983, such claims would still be futile, for all of the reasons above.