IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

v.                                                             No. 21-cv-0700 WJ-SMV

STATE OF NEW MEXICO,
ALL STATE ELECTED PERSONS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Donald Thomas Sharp's post-judgment motions and objections seeking reconsideration. *See* Docs. 9; 14-16; 21; and 25-28. Sharp challenges the ruling dismissing his prisoner Civil Complaint and possibly the ruling imposing filing restrictions. *See* Memorandum Opinion and Order (Doc. 7) (Dismissal Ruling). The Complaint alleges 18,000 elected New Mexico officials "illegally stole … office" and are involved in racketeering, treason, fraud, and an attempt to overthrow the government. *See* Doc. 1. Sharp filed at least 41 cases in 2021 raising that theory and/or espousing views from the sovereign citizen and Qanon movements. *See Sharp v. New Mexico,* 2021 WL 4820736, at *3 (D.N.M. Oct. 15, 2021) (listing each filing). By a ruling entered August 31, 2021, the Court dismissed the Complaint in this case as frivolous, for failure to state a cognizable claim, and for failure to comply with Fed. R. Civ. P. 8(a). *See* Doc. 7. On October 15, 2021, the Court also imposed filing restrictions. *See* Doc. 29. Those rulings (Docs. 7, 29) are incorporated herein by reference.

Sharp filed his first post-judgment motion within 28 days after entry of the Dismissal Ruling, but some were filed later. *See* Docs. 12-20. The Court will therefore analyze whether there

are grounds for relief under Fed. R. Civ. P. 59 and 60(b).  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (motions to reconsider filed within 28 days after the judgment are generally analyzed under Rule 59, and any later motions are analyzed under Rule 60).  Rule 59(e) permits relief based on: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud.  *See* Fed. R. Civ. P. 60(1)-(3).  Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief.  However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief."  *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).  Courts have considerable discretion in deciding whether to reconsider a ruling.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

      Sharp's post-judgment filings fail to demonstrate grounds for relief under Rule 59 or 60.  They simply rehash his theories regarding a nationwide government conspiracy and contain additional threats about execution, etc.  *See* Docs. 12-18.  Moreover, Sharp already filed an appeal in this case, and the Tenth Circuit dismissed his appeal by a Mandate entered January 12, 2022.  *See* Doc. 31.  The Court will therefore deny all post-judgment requests for substantive relief; to reconsider prior rulings; to reopen this case; or to transfer any documents from this case to another proceeding/forum.

      **IT IS ORDERED** that Plaintiff Donald Thomas Sharp's post-judgment motions and objections seeking reconsideration or other relief (**Docs. 9; 14-16; 21; 25-28**) are **DENIED**.

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE